## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ORANGEBURG DIVISION

| | |
|---|---|
| Michael Whittemore, ) | |
| ) | Civil Action No. 5:14-cv-01980-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Country Inn & Suites by Carlson, Inc., ) | |
| C&S Hotels, Inc., Jessica McDaniel, ) | |
| John Doe, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court pursuant to Plaintiff Michael Whittemore's ("Plaintiff") Motion to Remand the case to the Court of Common Pleas for Orangeburg County, South Carolina. (ECF No. 10.) Defendants Country Inn & Suites by Carlson, Inc., C&S Hotels, Inc., Jessica McDaniel, and John Doe (collectively "Defendants") oppose Plaintiff's Motion to Remand and ask the court to retain jurisdiction. (ECF No. 19.) For the reasons set forth herein, the court **GRANTS** Plaintiff's Motion to Remand (ECF No. 10).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges liability by Defendants for the theft of Plaintiff's truck and trailer containing antiques and valuables from the parking lot of the Country Inn & Suites located at 731 Citadel Road, Orangeburg, South Carolina, on July 29, 2013. (*See* ECF No. 1-1, 28.) On April 23, 2014, Plaintiff filed an action for damages against Defendants in the Court of Common Pleas for Orangeburg County, South Carolina, alleging negligence by Defendants resulting in the theft. (ECF No. 1-1 at 5-6 ¶ 18.) Plaintiff originally named in his Complaint Defendant Country Inns & Suites by Carlson, Inc. as owner of the hotel, Defendant McDaniel as general manager of the hotel, and Defendant Doe as the employee on duty the night of the theft. (*Id.* at 4.) Plaintiff

1

later added Defendant C&S Hotels, Inc. as the franchisee and owner of the hotel in an Amended Complaint filed on August 22, 2014. (ECF No. 28 at 2 ¶ 8.) For jurisdictional purposes, Plaintiff alleged he is a citizen of the State of Florida, and that Defendant Country Inns & Suites by Carlson, Inc. is "a corporation organized pursuant to the laws of a state other than South Carolina and is present and doing business in Orangeburg County, South Carolina," Defendant C&S Hotels, Inc. is present and doing business in South Carolina, and Defendants McDaniel and Doe are citizens of the State of South Carolina. (ECF No. 28 at 1-2, ¶¶ 2-5.) Plaintiff alleges damages "in excess of $600,000.00." (*Id.* at 5 ¶ 22.)

On May 19, 2014, Defendants filed a Notice of Removal asserting the court has jurisdiction over the matter based on diversity of citizenship and an amount in controversy exceeding $75,000. (ECF No. 1 at 1-2 ¶ 4, 6.) Defendants asserted that Defendant Country Inns & Suites by Carlson, Inc. is a Minnesota corporation and that Defendants McDaniel and Doe are "sham defendants included in this lawsuit for the sole purpose of preventing the removal of this case." (*Id.* at 1 ¶ 2-3.) On June 16, 2014, Plaintiff moved to remand the matter to state court, asserting that "[r]emoval by a resident of the state in which the action is brought is expressly prohibited by 28 U.S.C. § 1441(b)(2)." (ECF No. 10-1 at 2.) On July 2, 2014, Defendants filed a response in opposition to Plaintiff's Motion to Remand. (ECF No. 19.) Plaintiff filed a reply on July 14, 2014. (ECF No. 21.)

## II. LEGAL STANDARD AND ANALYSIS

Federal courts are courts of limited jurisdiction. A defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

2

between - (1) citizens of different States; . . . ." 28 U.S.C. § 1332(a). In cases in which the district court's jurisdiction is based on diversity of citizenship, the party invoking federal jurisdiction has the burden of proving the jurisdictional requirements for diversity jurisdiction. *See Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008) (holding that in removing case based on diversity jurisdiction, party invoking federal jurisdiction must allege same in notice of removal and, when challenged, demonstrate basis for jurisdiction). Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court. *See Auto Ins. Agency, Inc. v. Interstate Agency, Inc.,* 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted).

"A civil action otherwise removable solely on the basis of the jurisdiction… may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. 1441(b)(2).

The amount in controversy is not in dispute. Nor is it disputed that there is complete diversity of citizenship. (*See* ECF No. 10-1 at 2.) The dispute centers on whether Defendant McDaniel, who, as a citizen of South Carolina, provides the basis for remand under 28 U.S.C. 1441(b)(2), is a proper defendant.[1] In their Notice of Removal, Defendants urge use of the fraudulent joinder doctrine, which "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport,*

---

[1] The citizenship of Defendant Doe, who has yet to be identified, cannot be taken into consideration when determining whether removal is proper. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction… the citizenship of defendants sued under fictitious names shall be disregarded."). Additionally, although Plaintiff has since added Defendant C&S Hotels, Inc., which Plaintiff has alleged is present and doing business in South Carolina, "[s]ince the fraudulent joinder doctrine justifies a federal court's initial assumption of diversity jurisdiction, it has no effect once the district court actually possesses jurisdiction—including after the case has been removed." *Mayes*, 198 F. 3d at 461.

3

198 F.3d 457, 461 (4th Cir. 1999) (citing *Cobb v. Delta Exp. Inc.*, 186 F.3d 675, 677-78 (5th Cir 1999)).  To use this exception, "the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'"  *Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 424 (4th Cir. 1999) (citing *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232 (4th Cir.1993)).  Defendants allege the latter.  (ECF No. 19 at 1.)  Defendants urge that McDaniel is a "sham defendant because she was not even on the property during the alleged theft of Plaintiff's vehicle and had no interaction with him until after she learned about the reported theft."  (*Id.* at 2; *see also* ECF No. 19-1.)  However, Plaintiff does not allege liability on Defendant McDaniel's part due to her presence the night of the alleged incident, but due to her role "overseeing all operations of the hotel, including the safety and security of the hotel guests and their property."  (ECF No. 10-1 at 4; *see also* ECF No. 28 at 2 ¶ 10.)

      Defendants further urge that Plaintiff has named Defendant McDaniel merely because she is a local employee and could "destroy diversity."  (ECF No. 19 at 4.)  Defendants note, "[c]ourts have recognized that some control is necessary to impose liability on an individual defendant. … merely being a manager or an employee does not evidence a sufficient level of control."  (*Id.* (quoting *Cutshaw v. Lee County Landfill SC, LLC,* 2013 WL 1501705, at *3 (D.S.C. April 11, 2013) (internal quotations omitted).)  Plaintiff highlights a portion of Defendants' citations, emphasizing the internal citation from *Cutshaw* that specifies, "[i]n considering whether an individual has exercised control of the premises so as to impose a duty to reasonably inspect the premises, a court will generally consider the individual's power or authority to manage, direct, superintend, restrict, regulate, govern, administer, or oversee the management of the property."  *Benjamin v. Wal-Mart,* 413 F. Supp. 2d 652, 655-56 (D.S.C.

4

2006). As general manager of the hotel property in question, Plaintiff argues, Defendant McDaniel "exercises the requisite level of control to be found liable." (ECF No. 21 at 2.) The court agrees.

Plaintiff does not allege a specific breach of duty by Defendant McDaniel on the night at issue, but alleges she is liable in her supervisory capacity. Defendants have not denied that Defendant McDaniel holds the title of general manager and state only that she was not at the hotel property the night of the alleged theft. As such, Defendants cannot meet the high burden of establishing that "there is *no* possibility" Plaintiff could establish a cause of action against the in-state Defendant. As such, removal was not proper, and this case should be remanded to state court pursuant to 28 U.S.C. 1441(b)(2).

### III. CONCLUSION

Based on the aforementioned reasons, the court hereby **GRANTS** Plaintiff's Motion to Remand (ECF No. 10) and **REMANDS** this action to the Court of Common Pleas for Orangeburg County, South Carolina, for further proceedings.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

December 29, 2014
Columbia, South Carolina